# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN BROMWELL, | ) |
| Petitioner, | ) |
| v. | ) No. 4:06CV01359 ERW |
| JAMES PURKETT, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon Kevin Bromwell's "Petition for Common-Law Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 In Custody In Violation of the Constitution of the United States." [Doc. #1]. The Court, however, will take no action on the petition at this time, because it will give petitioner the option to either withdraw it or consent to it being reclassified as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and filed on a Court-provided form pursuant to Local Rule 2.06. See Rule 2(d) of the Rules Governing § 2254 Cases in the United States District Courts (§ 2254 petition must substantially follow either the form appended to the rules or a form prescribed by local district-court rule).

### The petition

Bromwell challenges an unspecified state court conviction and sentence.

### Discussion

Because Bromwell brings this action as a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," the Court is unsure whether Bromwell intended to file this matter

as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Because petitioner is in custody pursuant to the judgment of a State court, petitioner can only obtain habeas relief through § 2254 - not § 2241 - no matter how his pleading is styled. Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court would simply have reclassified the instant action as arising under 28 U.S.C. § 2254. However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2254 could deprive Bromwell of the opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions. Thus, if the Court reclassifies the instant action under § 2254, petitioner's subsequent filing of a § 2254 petition could be dismissed as second or successive. See Castro v. United States, 124 S. Ct. 786 (2003). Consequently, before reclassifying the instant action as a § 2254 petition, the Court will offer Bromwell an opportunity either to withdraw the petition or to consent to the Court's reclassification of the petition as one brought under 28 U.S.C. § 2254.

If Bromwell consents to the reclassification of the petition as one brought under § 2254, then Bromwell shall also file an amended petition on a Court-provided § 2254 form. See Local Rule 2.06(A). Furthermore, the Court notes that Bromwell has brought at least one prior petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Bromwell v. Dormire, No. 4:97CV747(CEJ) (E.D. Mo.). If the instant petition challenges the same judgment as the prior

---

[1] The Court notes that, for administrative purposes only, the Clerk of Court filed this action as one brought under 28 U.S.C. § 2254.

petition, then the instant petition constitutes a second or successive § 2254 action and Bromwell must obtain authorization from the Eighth Circuit Court of Appeals before proceeding in this Court.[2] See 28 U.S.C. § 2244(b)(3)(A). In accordance with the foregoing,

**IT IS HEREBY ORDERED** that Bromwell shall be granted thirty (30) days from the date of this Memorandum and Order either to withdraw the instant petition or to consent to the Court's reclassification of the petition as a petition for habeas corpus under 28 U.S.C. § 2254. Bromwell shall advise the Court of his choice, in writing. If Bromwell fails to respond in a timely manner, the Court will deny the instant action because petitioner is not entitled to relief under 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that if Bromwell chooses to have his petition reclassified as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, then he shall file an amended petition on the Court-provided § 2254 form. The amended petition shall be submitted at the same time as Bromwell advises this Court, in writing, of his decision to have it reclassified.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide Bromwell with the Court-provided § 2254 form.

---

[2]The Court notes that the Court-provided § 2254 form requests information concerning the name and location of the state court that entered the judgment; the criminal docket number of the state court case; the date of the judgment of conviction; length of sentence; and other information that will assist this Court in determining whether the instant action challenges the same conviction as the prior action.

**IT IS FURTHER ORDERED** that, upon receipt of Bromwell's written response to this Order, this case shall be resubmitted to the Court for appropriate action.

So Ordered this 11th Day of October, 2006.

_____
**E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE**